Jason A. Orr (SBN 301764)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: jorr@bakerlaw.com

*Attorney for Defendant*
Gravy Analytics, Inc.

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA FOLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GRAVY ANALYTICS, INC., GAMELOFT, INC., GAMELOFT SE, and IMANGI STUDIOS, LLC,<br><br>Defendant. | **Case No.:**<br><br>*[Removed from the Superior Court of the State of California, County of Marin, Case No. CV0006161]*<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d), 1441, AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet and Certification of Conflicts and Interested Entities or Persons]* |

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS:**

PLEASE TAKE NOTICE that Defendant Gravy Analytics, Inc. ("Gravy Analytics") removes to this Court the state action described below, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Gravy Analytics states as follows:

**I.  PROCEDURAL BACKGROUND AND ALLEGATIONS**

1. On May 2, 2025, Plaintiff Joshua Foley ("Plaintiff") filed a putative class action complaint ("Complaint") with the Superior Court of the State of California, County of Marin, captioned *Joshua Foley, individually and on behalf of all others similarly situated, v. Gravy Analytics, Inc., Gameloft, Inc., Gameloft SE, and Imangi Studios, LLC*, Case No. CV0006161 (the "State Court Action"), a true and correct copy of which is attached hereto as **Exhibit A**.

2. In accordance with 28 U.S.C. § 1446(a), in addition to the above-referenced **Exhibit A**, Gravy Analytics attaches to this Notice of Removal the following documents, which are all the process, pleadings, and orders served upon Gravy Analytics and/or filed in the State Court Action, prior to the instant Notice of Removal:

    a. Civil Case Cover Sheet, attached hereto as **Exhibit B**;

    b. Summons on Complaint ("Summons"), attached hereto as **Exhibit C**;

    c. Notice – Case Management Conference, attached hereto as **Exhibit D**; and

    d. Notice – Judicial Assignment, attached hereto as **Exhibit E**.

3. On May 9, 2025, Plaintiff served Gravy Analytics with a copy of the Complaint.

4. Notice of removal is timely if it is filed within 30 days after service of the complaint or summons. *See* 28 U.S.C. § 1446(b).

5. Gravy Analytics' Notice of Removal is timely because Gravy Analytics removed this action within 30 days of being served with the Complaint.

6. This action may be removed by Gravy Analytics without the consent of the other defendants in this matter. *See* 28 U.S.C. § 1453(b) (providing removal under the Class Action Fairness Act may be effectuated "by any defendant without the consent of all defendants").

## II. THE CLASS ACTION FAIRNESS ACT IS A BASIS FOR REMOVAL.

7. "[A]ny civil action brought in state court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant." 28 U.S.C. § 1441(a). This action is removable under 28 U.S.C. § 1441(a) because this Court would have had original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") had Plaintiff initially filed this action in federal court. *See* 28 U.S.C. § 1332(d); *see also id.* § 1453(b) (setting the procedure for removing class actions).

8. CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class consists of at least 100 members; (2) the parties are minimally diverse, meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant"; and (3) the aggregated amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2), (d)(5)(B).

9. Based on the allegations pled in the Complaint, which Gravy Analytics disputes but are taken as true for purposes of removal, this action satisfies CAFA's requirements and is removable to this Court. Gravy Analytics specifically denies Plaintiff's factual allegations and further denies that Plaintiff, or the class he purports to represent, can meet the requirements for class certification or are entitled to the requested damages. For removal purposes, however, Plaintiff's allegations establish CAFA jurisdiction.

### A. Class Size

10. Based on the allegations in the Complaint, this action meets the CAFA definition of a class action, which applies to "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a). Plaintiff brings the Complaint "as a class action" under California Code of Civil Procedure § 382 and seeks certification of two putative statewide classes. (Compl. ¶¶ 51, 133.)

11. Plaintiff alleges that the number of putative class members is "in the millions." (*Id.* at ¶ 136.)

12. Accordingly, this is a purported putative class action in which the aggregate number of alleged class members exceeds 100 members.

**B.  Minimal Diversity of Citizenship Exists**

13. Pursuant to 28 U.S.C. § 1332(d)(2)(A), the "district court shall have original jurisdiction" over a "class in which . . . any member of the class of plaintiffs is a citizen of a State different from *any* defendant." (emphasis added). *See also Abrego v. Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006) ("One way to satisfy minimal diversity is by demonstrating that any member of a class of plaintiffs is . . . a citizen or subject of a foreign state and any defendant is a citizen of a State.") (internal citations omitted).

14. Plaintiff alleges that he is a citizen of California. (Compl. ¶ 23.)

15. For the purposes of minimal diversity, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

16. Defendant Gravy Analytics is a corporation organized in Delaware with its principal place of business in Virginia. Therefore, Gravy Analytics is a citizen of Delaware and Virginia. (Compl. ¶ 30.)

17. Defendant Gameloft, Inc. is alleged to be a corporation organized and existing under the laws of Delaware with its principal business office located in France. (*Id*. at ¶ 36.)

18. Defendant Gameloft SE is alleged to be a public corporation organized and existing under the laws of France with its principal business office located in France. (*Id*. at ¶ 37.)

19. Defendant Imangi Studios, LLC is alleged to be a limited liability company with its principal office or place of business in North Carolina. (*Id*. at ¶ 43.)

20. The minimal diversity requirement is met because at least one putative class member is diverse from at least one defendant.

**C.  Amount in Controversy**

21. CAFA permits courts to aggregate the claims of the individual putative class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

22. Where a class action complaint does not expressly allege that more than $5,000,000 is in controversy, as is the case with Plaintiff's Complaint, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount-in-controversy requirement is satisfied. 28 U.S.C. § 1446(c)(2)(B). The United States Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet the amount-in-controversy requirement. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023). "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). As demonstrated below, the allegations in the Complaint, if assumed to be true, make it more likely than not that the amount in controversy under CAFA exceeds $5,000,000.

23. Plaintiff requests statutory damages of $5,000 per alleged violation of the California Invasion of Privacy Act, Cal. Penal Code § 632(a) ("CIPA") (Compl. ¶ 162). Plaintiff also alleges the number of putative class members is "in the millions." (*Id*. at ¶ 136.) Given that "millions" implicates more than 100 putative class members, and the statutory damages for the CIPA claim alone exceeds $5,000,000, it stands to reason that Plaintiff is plausibly seeking amounts in excess of $5,000,000 in damages and/or other relief related to the individual and proposed class-wide claims.

24. Plaintiff and the putative class also seek attorney fees, costs, and injunctive relief, all of which further contribute to an amount in controversy exceeding $5 million. *See Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007) (attorney fees included in determining amount in controversy); *Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 416 (9th Cir. 2018) (noting amount in controversy may include cost of complying with an injunction).

### III. VENUE

25. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a), and 1446(a) because the Complaint was

filed in Marin County, a county within this District, and this is the judicial district in which the action arose.

## IV. NOTICE TO THE STATE COURT AND TO PLAINTIFF

26. A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of California, County of Marin, pursuant to 29 U.S.C. § 1446(d).

**PRAYER FOR REMOVAL**

WHEREFORE, Gravy Analytics respectfully requests that the above action now pending in the Superior Court of California, County of Marin, be removed to the United States District Court for the Northern District of California.

Dated: June 6, 2025

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/Jason A. Orr*
Jason A. Orr

*Attorneys for Defendant*
Gravy Analytics, Inc.

# CERTIFICATE OF SERVICE

I am employed in Denver County, Colorado. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1801 California Street, Suite 4400, Denver, Colorado 80202. On June 6, 2025, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d), 1441, AND 1446**

- ☑ **By EMAIL** by electronically transmitting a copy of the document listed above via email to the address(es) as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Code of Civil Procedure section 1010.6 and California Rule of Court 2.251(a) or court order. No error messages were received after said transmissions.

- ☑ **By FIRST-CLASS MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Denver, Colorado addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

- ☐ **By PERSONAL SERVICE:** by causing to be served on all other parties to this action by requesting that a messenger from Express Network deliver true copies of the above-named documents, enclosed in sealed envelopes addressed as indicated above.

- ☐ **By OVERNIGHT MAIL:** by overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on June 6, 2025, at Denver, Colorado.

*/s/Carolyn M. Lux*
Carolyn M. Lux

- 7 -

NOTICE OF REMOVAL

## **SERVICE LIST**

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
Andrew J. Obergfell (*pro hac vice* forthcoming)
Matthew A. Girardi (*pro hac vice* forthcoming)
Julian C. Diamond (*pro hac vice* forthcoming)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: pfraietta@bursor.com
       aobergfell@bursor.com
       mgirardi@bursor.com
       jdiamond@bursor.com

*Attorneys for Plaintiff*